JUSTICE LEAPHART
concurring.
¶54 I specially concur. I agree with the Court’s conclusion that, since the electorate has now voted on this initiative, the sufficiency of the initiative petition cannot now be questioned, and this matter is moot under Article III, Section 4(3), of the Montana Constitution. However, I would not reach the question of mootness under the Constitution because I agree with the District Court’s pre-election dismissal of this complaint as barred by the thirty-day limitations period set forth in § 3-5-302(6)(a), MCA.
*467 ¶55 The Opponents argue that § 3-5-302(6)(b), MCA, must be interpreted literally as allowing a contest to a ballot issue to be filed “at any time after discovery” of illegal petition signatures. Under a literal “at any time” interpretation, Opponents could challenge the initiative two months or five years after the election. Such a broad reading of the statute, however, would put it at odds with the clear language of Article III, Section 4(3), which states that: “The sufficiency of the initiative petition shall not be questioned after the election is held.” Opponents suggest that the Constitution is satisfied so long as the challenge to the initiative is filed before the election, even if the court does not issue a decision until after the election. Such a procedure, however, would render Article III, Section 4(3), a nullity. As the Court correctly notes, Article III, Section 4(3), is designed to serve a purpose-i.e., to put an end to challenges and to honor the will of the majority of the voters once an election is held. Allowing a challenge to an initiative the day before the election, leaving the Court leeway to rule on the challenge two months or five years later, defeats the purpose of Article III, Section 4(3), just as effectively as allowing a challenge to be filed a week after the election-a proposition which is clearly contra to Article III, Section 4(3). In both instances the sufficiency of the initiative petition is “questioned” after the election is held. Article III, Section 4(3), prohibits all post-election “questioning” of the sufficiency of the petition. This prohibition restricts both parties and courts from questioning the petition once the election is over. As the Court now holds, Article III, Section 4(3), requires that challenges to initiatives must not only be filed before the election, but must also be resolved before the election, or they become moot.
¶56 Interpreting § 3-5-302(6), MCA, in light of the above, the District Court was correct in reading subsection (a) as establishing a general rule that challenges have to be filed within thirty days of certification. The “at any time after discovery” language in subsection (b) is an exception to the general rule that comes into play only if the alleged illegality could not, with due diligence, be discovered within the initial thirty-day limitation. As the District Court pointed out, “under this statute, lack of knowledge does not extend the period of limitations and the period runs from the time that the facts constituting the claim could have been discovered in the exercise of due diligence.” Here, although Opponents based their challenge on facts that were publicly available at the Secretary of State’s office upon certification of the initiative, they did not file their challenge within thirty days of the Secretary of State’s certification. Rather, they waited some eighty- *468 three days to file their complaint. As the Court’s Opinion points out, the Opponents here had the same opportunity to file a timely challenge to the initiative as did the challengers of CI-97, CI-98 and I-154 in Montanans for Justice. Without any basis for extending the thirty-day period of limitations, they waited well beyond the statutory time limit to file their complaint. The District Court was correct in dismissing the complaint as untimely.
JUSTICE MORRIS joins in the concurring opinion of JUSTICE LEAPHART.